UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21961-CIV-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MIGUEL A. FANEGO,

    Defendant.
_____/

## ORDER DENYING MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

This **MATTER** is before the Court on Plaintiff's Second Motion for Entry of Final Default Judgment [D.E. 9]. On August 8, 2013, the Court denied Plaintiff's first motion for entry of final default judgment, noting that Plaintiff had failed to submit the original promissory notes demonstrating that Defendant signed them. The Court allowed Plaintiff to re-file the motion for default judgment with the original promissory notes signed by Defendant. In response, Plaintiff filed another motion for default judgment without copies of the notes, arguing that it is not required to submit them, because "the note is not a negotiable instrument subject to Florida's commercial paper law." [D.E. 9 at 2].

A default judgment is a matter of discretion for the court, not a matter of right to the moving party. See *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F.Supp.2d 1353, 1356 (S.D. Ga. 2004). Before entering a default judgment, the court must ensure that the well-pleaded allegations in the complaint, taken as true by virtue of the default, actually state a substantive cause of action, and that there is a substantive, sufficient

1

basis in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007). While Plaintiff is correct that a student loan note is not a negotiable instrument, this does not relieve Plaintiff of its obligation to establish that Defendant signed the original promissory notes. *See, e.g., United States v. Carter*, 506 Fed. Appx. 853, 858 (11th Cir. 2013); *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) ("To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default. For that purpose the government may introduce **evidence of the note** and a sworn transcript of the account or certificate of indebtedness.") (internal citations omitted, emphasis added); *United States v. Pelt*, No. 11-cv-06156, 2013 WL 1173898, at *6 (E.D.N.Y. Mar. 18, 2013) ("In general, the United States may demonstrate the existence of student loans by providing promissory notes and may demonstrate that the loans remain unpaid by providing certificates of indebtedness."); *United States v. Herzberg*, No. 11-cv-150, 2012 WL 523651, at *1 (E.D. Tenn. Jan. 25, 2012); *United States v. Whitaker*, No. 09-CV-2983, 2011 WL 5856482, at *2 (E.D.N.Y. Nov. 21, 2011). This obligation is particularly important where Plaintiff seeks to recover $147,662.64 in allegedly unpaid student loan debt (plus costs and fees).[1]

Consequently, Plaintiff's Motion for Default Judgment [D.E. 9] is again **DENIED**. Plaintiff may re-file a motion for default judgment, but Plaintiff must attach copies of the

---

[1] Plaintiff seeks to recover on two separate promissory notes, but has only submitted one incomplete promissory note that does not indicate the principal amount or the interest rate for the loan. [D.E. 9 at 10].

2

original promissory notes signed by Defendant or some other evidence that Defendant did, in fact, sign the promissory notes.

Furthermore, in accordance with this Court's practice and the Court's order [D.E. 8], Plaintiff shall submit evidence that Defendant signed the promissory notes at issue by **August 19, 2013**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 14th day of August, 2013.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE