UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-21961-WILLIAMS/TURNOFF

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
v.                                 )
                                   )
MIGUEL A. FANEGO,                  )          MOTION FOR ENTRY
                                   )          OF DEFAULT JUDGMENT
                                   )
            Defendant.             )
_____)

The undersigned counsel, on behalf of Plaintiff, the United States of America, moves this Court for entry of default judgment as to Defendant, Miguel A. Fanego, upon the complaint heretofore filed and served upon the defendant, in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure.

Plaintiff will rely upon the annexed Memorandum of Law, together with the materials attached hereto, in support of this Motion.

MEMORANDUM OF LAW FOR DEFAULT FINAL JUDGMENT

1.  As more fully set forth in the Declaration for Entry of Default filed on behalf of Plaintiff herein, the defendant has been duly served with the Plaintiff's Summons and Complaint in accordance with provisions of Rule 4(c)(1), Federal Rules of Civil Procedure, and has failed to answer or otherwise formally respond within the time period prescribed by Rule 12(a) Federal Rules of Civil Procedure.

2.  The default of the defendant has been formally entered by the Clerk of this Court. A copy of the default is attached hereto as Exhibit "A".

3.  Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this court is empowered to enter default judgment against the

defendant for relief sought by Plaintiff in its complaint, and written notice of this action has been given to the defendant.

4. Attached hereto and made part hereof are copies of the Affidavits of Amount Due or Certificates of Indebtedness, duly sworn to and subscribed, prepared and submitted on behalf of the Department of Education, an agency of the United States of America, on whose behalf this action is brought. See Exhibit "B" and "C". The original affidavits were filed with the complaint. As of July 8, 2013 there is due and owing to Plaintiff from Defendant the sum of $49,974.79 consisting of $25,433.22 in unpaid principal, plus $24,541.57 in interest at the rate of 7.750% for (Claim No. 2011A00062) as per Exhibit "B" and the sum of $96,502.85 consisting of $57,762.59 in unpaid principal, plus $38,740.26 in interest at the rate of 6.630% for (Claim No. 2011A00074) as per Exhibit "C", together with interest thereafter to the date of entry of judgment per year in accordance with the provisions of 4 C.F.R. §102.11, and together with costs taxed in accordance with the provisions of 28 U.S.C. §1920, as specified by 28 U.S.C. §1921, as set forth in the attached Bill of Costs and attorney's fees as itemized in Exhibit "D," pursuant to the "Promise to Pay" section of the Promissory Note (Exhibit "E").

WHEREFORE, Plaintiff requests the entry of default judgment against Defendant, Miguel A. Fanego, for the amounts due and owing to it, and has attached hereto a proposed form of Default Judgment.

<div align="center">BILL OF COSTS</div>

1. Plaintiff, the United States of America, is entitled to recover of Defendant, Miguel A. Fanego, as its costs in this proceeding, the following statutory costs for the litigation of this action, and makes no claim for fees, disbursements or costs other than as set forth:

A. Fee for Service and Travel,
   per 28 U.S.C. Sec. 1921                          25.00

       TOTAL                                       $25.00

I, Steven M. Davis, do hereby certify that the statements and allegations set forth in the foregoing Motion, Memorandum, and Bill of Costs are true and accurate to the best of my knowledge and belief.

Dated: August 16, 2013            Respectfully submitted,
       Miami, Florida

                                  _____
                                  Steven M. Davis,
                                  Florida Bar No. 894249)
                                  Email:sdavis@becker-poliakoff.com
                                  121 Alhambra Plaza – 10th Floor
                                  Coral Gables, FL 33134
                                  Telephone: (305) 262-4433
                                  Facsimile: (305) 442-2232
                                  Attorneys for Plaintiff
                                  United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing was served by Regular US Mail to Miguel A. Fanego at 4255 SW 102 Court, Miami, FL 33165 on 16 day of August, 2013.

Steven M. Davis

ACTIVE: 4843477_1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### CLERK'S DEFAULT

United States of America,          CASE NO. 13-CV-21961-KMW

    Plaintiff(s),

v.

Miguel A. Fanego

    Defendant(s).
_____/

| FILED by _____ D.C. |
| **Jul 2, 2013** |
| STEVEN M. LARIMORE |
| CLERK |
| U.S. DIST. CT. |
| S.D. OF FLA. |

It appearing that the defendant(s) herein, **Miguel A. Fanego,** is in default for failure to appear, answer or otherwise plead to the complaint filed herein within the time required by law. Default is hereby entered against defendant(s) Miguel A. Fanego, as of course, on this date July 2, 2013.

              **STEVEN M. LARIMORE**
              CLERK OF COURT


              By: _Juan Ulacia_____
                 Juan Ulacia
                 Deputy Clerk

cc:    Hon. Kathleen M. Williams
       Counsel of Record
       Miguel A. Fanego
       4255 SW 102 Court Miami, FL 33165


EXHIBIT
A

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 2

Miguel A. Fanego
AKA: Miguel Fanego

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/02/10.

On or about 06/15/00, the borrower executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $25,433.22 on 07/31/01, at 7.75 percent interest per annum. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 07/04/01. Pursuant to 34 C.F.R. § 685.202(b), a total of $0.00 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $959.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

Principal:                          $25,433.22
Interest:                           $18,930.77

Total debt as of 09/02/10:          $44,363.99

Interest accrues on the principal shown here at the rate of $5.40 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/15/10

Loan Analyst
Litigation Support



EXHIBIT
B

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #2 OF 2

Miguel A. Fanego
AKA: Miguel Fanego

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/02/10.

On or about 06/12/01, the borrower executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $16,414.72 on 07/31/01 and $38,592.21 07/31/01 - 11/02/01, at 6.63 percent interest per annum. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 02/01/04. Pursuant to 34 C.F.R. § 685.202(b), a total of $2,755.66 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $57,762.59 |
| Interest: | $27,838.84 |

Total debt as of 09/02/10:          $85,601.43

Interest accrues on the principal shown here at the rate of $10.49 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/15/10

Loan Analyst
Litigation Support



EXHIBIT
C

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MIGUEL A. FANEGO,

        Defendants.

CIVIL ACTION

CASE NO.: 13-CV-21961-WILLIAMS/TURNOFF

### DECLARATION OF ATTORNEY'S FEES

STATE OF FLORIDA    )
                      : *ss*
COUNTY OF MIAMI-DADE  )

      BEFORE ME, the undersigned authority, personally appeared Steven M. Davis who after being duly sworn, deposes and says:

      1. The undersigned is counsel for the Plaintiff herein and has personal knowledge of the facts contained in this Affidavit.

      2. That he has expended time associated with the Motion for Default Judgment, was the timekeeper for same, and seeks an award of attorney's fees for work done as follows:

| | |
|---|---|
| Review of documents prior to suit | 0.5 hr. |
| Preparation of correspondence to the Defendant | 0.5 hr. |
| Preparation and review of Complaint | 1.0 hr. |
| Review and Preparation of Executed Return of Service | 0.2 hr. |
| Review and preparation of Motion for Clerk's Entry of Default | 0.5 hr. |
| Review of Order by Clerk of Entry of Default | 0.1 hr. |
| Preparation of Motion for Default Judgment | 1.0 hr. |
| Post Judgment Collection | 2.0 hr. |
| Total amount of time spent: | 5.8 hr. |


EXHIBIT
D

3. Plaintiff's counsel is entitled to attorney's fees pursuant to 28 U.S.C. 2412 and by contract.

4. The undersigned has fully reviewed the time records and supporting data and this Motion is well grounded in fact and justified.

5. The undersigned's usual and customary fee is $200.00 per hour.

6. Based on the hours expended, and the undersigned's usual and customary fee, a reasonable award of attorney's fees is requested in the amount of $ 1,160.00

7. The Plaintiff does not request a hearing on this matter at this time.

FURTHER AFFIANT SAYETH NAUGHT.



_____
Affiant's Signature

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:

JUN 14 2001

Borrower's Name: MIGUEL A. FANEGO
Borrower's Social Security Number:

-REPAYMENT PLAN SELECTION
Carefully read question #5, "What are my repayment plan options?," on the "Frequently Asked Questions" Page to understand the repayment plans available to you. Then, complete this section to select your repayment plan. Remember--

- All student loans must be repaid under the same repayment plan. Parent PLUS loans may be repaid under a different repayment plan.
- If you select the Income Contingent Repayment Plan, you must complete the "Repayment Plan Selection" AND "Income Contingent Repayment Plan Consent to Disclosure of Tax Information" forms. Both forms can be downloaded from the "Forms and Publications" Page. **Your selection cannot be processed without these forms.**
- **If you want to consolidate a defaulted student loan(s) and you have not made a satisfactory repayment arrangement with your current holder(s), you must select the Income Contingent Repayment Plan.**

Place an "X" in the box that corresponds to your repayment plan selection for each loan type. Note that Direct PLUS Consolidation Loans cannot be repaid under the Income Contingent Repayment Plan.

| | | Income Contingent | Standard | Extended | Graduated |
|---|---|---|---|---|---|
| STUDENT LOANS | *Direct Subsidized and Unsubsidized Consolidation Loans:* | X | | | |
| PARENT LOANS | *Direct Plus Consolidation Loans:* | N/A | | | |

## PROMISSORY NOTE

**Promise to Pay:**
I promise to pay to the U.S. Department of Education (ED) all sums (hereafter "loan" or "loans") disbursed under the terms of this Promissory Note (note) to discharge my prior loan obligations, plus interest, and other fees that may become due as provided in this note. If I fail to make payments on this note when due, I will also pay collection costs including but not limited to attorney's fees and court costs. If ED accepts my application, I understand that ED will on my behalf send funds to the holder(s) of the loan(s) selected for consolidation in order to pay off this loan(s). I further understand that the amount of this loan will equal the sum of the amount(s) that the holder(s) of the loan(s) verified as the payoff balance(s) on that loan(s) selected for consolidation. My signature on this note will serve as my authorization to pay off the balance(s) of the loan(s) selected for consolidation as provided by the holder(s) of such loan(s).
This amount may be more or less than the estimated total balance I have indicated in the Loan Information Section. Further, I understand that if any collection costs are owed on the loans selected for consolidation, these costs may be added to the principal balance of the consolidation loan.
I understand that this is a Promissory Note. I will not sign this note before reading it, including the text on the reverse side, even if I am advised not to read the note. I am entitled to an exact copy of this note and a statement of the Borrower's Rights and Responsibilities. My signature certifies that I have read, understand, and agree, to the terms and conditions of this note, including the Borrower Certification and Authorization printed on the reverse side and the Borrower's Rights and Responsibilities.
If consolidating jointly with my spouse, we agree to the same terms and conditions contained in the Borrower Certification and Authorization. In addition, we confirm that we are legally married to each other and understand and agree that we are and will continue to be held jointly and severally liable for the entire amount of the debt represented by the Federal Direct Consolidation Loan without regard to the amounts of our individual loan obligations that are consolidated and without regard to any change that may occur in our marital status. We understand that this means that one of us may be required to pay the entire amount due if the other is unable or refuses to pay. We understand that the Federal Direct Consolidation Loan we are applying for will be cancelled only if both of us qualify for cancellation. We further understand that we may postpone repayment of the loan only if we provide ED with written requests that confirm Federal Direct Consolidation Loan Program deferment or forbearance eligibility for both of us at the same time.
I UNDERSTAND THAT THIS IS A FEDERAL LOAN THAT I MUST REPAY.

Miguel Fanego — 6/12/2001
Signature of Borrower — Date

Signature of Spouse(if consolidating jointly) — Date

EXHIBIT
tabbies
E



JUN 2 1 2000

**Borrower's Name:** FANEGO, MIGUEL A
**Borrower's Social Security Number:**

Carefully read "What are my repayment plan options?" on the Frequently Asked Questions Page to understand the repayment plan options. Then, complete this section to select your repayment plan. Remember--

- All student loans must be repaid under the same repayment plan. Parent PLUS loans may be repaid under a different repayment plan.
- If you select the Income Contingent Repayment Plan, you must complete the "Repayment Plan Selection" and "Income Contingent Repayment Plan Consent to Disclosure of Tax Information" form that will be mailed to you upon receipt of this promissory note. Your selection cannot be processed without these forms.
- **If you want to consolidate a defaulted student loan(s) and you have not made a satisfactory repayment arrangement with your current holder(s), you must select the Income Contingent Repayment Plan.**

Place an "X" in the box that corresponds to your repayment plan selection for each loan type. Note that Direct PLUS Consolidation Loans cannot be repaid under the Income Contingent Repayment Plan.

| | Income Contingent | Standard | Extended | Graduated |
|---|---|---|---|---|
| **STUDENT LOANS** *Direct Subsidized and Unsubsidized Consolidation Loans:* | X | | | |
| **PARENT LOANS** *Direct PLUS Consolidation Loans:* | N/A | | | |

## Promissory Note

### Promise to Pay:

I promise to pay to the U.S. Department of Education (ED) all sums (hereafter "loan" or "loans") disbursed under the terms of this Promissory Note (note) to discharge my prior loan obligations, plus interest, and other fees that may become due as provided in this note. If I fail to make payments on this note when due, I will also pay collection costs including but not limited to attorney's fees and court costs. If ED accepts my application, I understand that ED will on my behalf send funds to the holder(s) of the loan(s) selected for consolidation in order to pay off this loan(s). I further understand that the amount of this loan will equal the sum of the amount(s) that the holder(s) of the loan(s) verified as the payoff balance(s) on that loan(s) selected for consolidation. My signature on this note will serve as my authorization to pay off the balance(s) of the loan(s) selected for consolidation as provided by the return holder(s) of such loan(s).

This amount may be more or less than the estimated total balance I have indicated on the Loan Information Screen. Further, I understand that if any collection costs are owed on the loans selected for consolidation, these costs may be added to the principal balance of the consolidation loan.

I understand that this is a Promissory Note. I will not sign this note before reading it, including the text on the reverse side, even if I am advised not to read the note. I am entitled to an exact copy of this note and a statement of the Borrower's Rights and Responsibilities. My signature certifies that I have read, understand, and agree, to the

On-line Combined Application and Promissor...: Promissory Not

terms and conditions of this note, including the Borrower Certification and Authorization
printed on the reverse side and the accompanying Borrower's Rights and
Responsibilities.                                                JUN 2 1 2000

If consolidating jointly with my spouse, we agree to the same terms and conditions
contained in the Borrower Certification and Authorization. In addition, we confirm that
we are legally married to each other and understand and agree that we are and will
continue to be held jointly and severally liable for the entire amount of the debt
represented by the Federal Direct Consolidation Loan without regard to the amounts of
our individual loan obligations that are consolidated and without regard to any change
that may occur in our marital status. We understand that this means that one of us may
be required to pay the entire amount due if the other is unable or refuses to pay. We
understand that the Federal Direct Consolidation Loan we are applying for will be
cancelled only if both of us qualify for cancellation. We further understand that we may
postpone repayment of the loan only if we provide ED with written requests that
confirm Federal Direct Consolidation Loan Program deferment or forbearance eligibility
for both of us at the same time.

**I UNDERSTAND THAT THIS IS A FEDERAL LOAN THAT I MUST REPAY.**

Signature of Borrower                                    Date  6/15/2000

Signature of Spouse (if consolidating jointly)          Date  6/15/2000

---

## Promissory Note

### Governing Law and Notices
This Promissory Note (note) applies to Federal Direct Consolidation Loans (Direct
Consolidation Loans). In this note, the Higher Education Act of 1965, as amended, 20
U.S.C. 1070 *et seq.*, and applicable U.S. Department of Education (ED) regulations are
referred to as "the Act." The terms of this note will be interpreted according to the Act
and other applicable federal statutes and regulations. Applicable state law, except as
preempted by federal law, may provide for certain borrower rights, remedies, and
defenses in addition to those stated in this note.

### Disclosure of Terms
When the loan(s) that I am consolidating is paid off, I will be sent a Disclosure
Statement and Repayment Schedule (disclosure). The disclosure will identify my Direct
Consolidation Loan amount and additional terms of my loan. If I have questions about
the information disclosed, I will contact ED. If the information in this note conflicts with
the information in the disclosure, the disclosure will be controlling.

Important additional terms of this loan are disclosed in the statement of Borrower's
Rights and Responsibilities accompanying this note.

I understand that my Direct Consolidation Loan may consist of up to three separate
loan identification numbers depending on the loan(s) I choose to consolidate. These
loan identification numbers will represent prior subsidized loans, prior unsubsidized
loans, and prior parent PLUS loans. The Borrower's Rights and Responsibilities
identifies which eligible loans are included in each of these categories.

.../pnote.html?NETSCAPE_LIVEWIRE_ID=E33CD96D7A26A5706/05/2000

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-21961-WILLIAMS/TURNOFF

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
      v.                             )
                                     )
MIGUEL A FANEGO,                     )    DECLARATION FOR ENTRY OF
                                     )    DEFAULT JUDGMENT
            Defendant.               )
_____     )

Steven M. Davis, hereby applies to the Court for entry of a default judgment against Defendant Miguel A. Fanego and declares as follows:

1.    I am private counsel for the Southern District of Florida and in that capacity have been assigned to represent the interests of Plaintiff in the above captioned matter.

2.    I hereby make application to this Court for entry of a default judgment as to Defendant, Miguel A. Fanego, pursuant to Rule 55(a), Federal rules of Civil Procedure, and in support of this application state as follows:

a)    The defendant was personally served with copies of Plaintiff's Summons and Complaint as provided by Rule 4(c)(1), Federal Rules of Civil Procedure.

b)    The defendant is neither an infant nor an incompetent person requiring special service in accordance with Rule 4(g), Federal Rules of Civil Procedure, and is not serving with the armed forces of the United States entitled to the protection of 50 U.S.C. App. Section 520.

c)    The defendant has neither answered nor otherwise responded formally to the Plaintiff's Summons and Complaint, and the time to do so has expired, pursuant to Rule 12(a), Federal Rules of Civil Procedure.

d)    Defendant's default was entered by the Clerk of the Court on July

CASE NO.: 13-CV-21961-WILLIAMS/TURNOFF

2, 2013.

3.    The amount owed by Defendant is calculated as follows: Principal of $25,433.22, plus $24,541.57 in interest at the rate of 7.750% for (Claim No. 2011A00062)in accordance with the supporting documentation attached as Exhibit "B" and Principal of $57,762.59, plus $38,740.26 in interest at the rate of 6.630% for (Claim No. 2011A00074)in the supporting documentation as Exhibit "C" to Plaintiff's Motion for Entry of Default Final Judgment, per annum to the date of this judgment, together with a Fee for Service and Travel, per 28 U.S.C § 1921 of $25.00, plus Attorney's fees of $1,160.00, see Exhibit "D". Grand total due as of July 8, 2013 is $147,662.64.

4.    Defendant is not entitled to any credits to his account from the date the complaint was filed until date hereof.

WHEREFORE, Plaintiff requests the Court to enter the judgment against Defendant and in favor of Plaintiff in the total amount of $147,662.64 plus interest at the rate of 7.750% per annum for (Claim No. 2011A00062) and interest at the rate of 6.630% per annum for (Claim No. 2011A00074) through July 8, 2013 to date of judgment and post judgment interest at the legal rate pursuant to 28 U.S.C. §1961.

I, Steven M. Davis, do hereby certify under penalty of perjury, pursuant to 28 U.S.C. §1746(2) that the above statements are true and accurate to the best of my knowledge and belief.

Dated:  August _16_, 2013          Respectfully submitted,
        Miami, Florida

                                   _____
                                   Steven M. Davis,
                                   (Florida Bar No. 894249)
                                   Email:sdavis@becker-poliakoff.com
                                   121 Alhambra Plaza - 10th Floor
                                   Coral Gables, FL 33134
                                   Telephone: (305) 262-4433
                                   Facsimile: (305) 442-2232
                                   Attorneys for Plaintiff
                                   United States of America

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-21961-WILLIAMS/TURNOFF

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
     v.                            )
                                   )
MIGUEL A. FANEGO,                  )
                                   )     **DEFAULT FINAL JUDGMENT**
            Defendant.             )
                                   )
_____   )

This matter having come before the Court upon Plaintiff, United States of America's Motion for Entry of Default Final Judgment against defendant, Miguel A. Fanego, and the Court having reviewed the pleadings submitted on behalf of the Plaintiff, and having further noted the entry of default as to the defendant for failure to answer or otherwise plead to the Summons and Complaint served by the plaintiff, and for good cause shown, it is hereby

ORDERED AND ADJUDGED that judgment is hereby entered in favor of Plaintiff, the United States of America, and against Defendant, Miguel A. Fanego, upon the Complaint herein, and it is further

ORDERED AND ADJUDGED that Plaintiff recover of the defendant, Miguel A. Fanego, the total sum of $146,477.64 consisting of, $25,433.22 in unpaid principal, plus $24,541.57 in interest at the rate of 7.750% for (Claim No. 2011A00062) and $57,762.59 in unpaid principal, plus $38,740.26 in interest at the rate of 6.630% for (Claim No. 2011A00074) through July 8, 2013 in accordance with the supporting documentation attached as Exhibit "B" and "C" to Plaintiff's Motion for Entry of Default Final Judgment, per annum to the date of this judgment, together with a Fee for Service and Travel, per 28 U.S.C § 1921 of $25.00, plus Attorney's fees of $1,160.00, for all of which sums let execution issue.

It is further

ORDERED AND ADJUDGED that this judgment shall bear interest at the rate as prescribed by 28 U.S.C. §1961, and shall be enforceable as prescribed by 28 U.S.C. §2001, et seq., 28 U.S.C. §3001-3307, and Rule 69(a), Federal Rules of Civil Procedure. Plaintiff's address is: United States Attorney's Office, Southern District of Florida, 99 N.E. 4th Street, Miami, FL 33132. Defendant's address is: Miguel A. Fanego, 4255 SW 102 Court, Miami, FL 33165.

DONE AND ORDERED in Chambers, in _____, FL, this _____ day of _____, 2013.

<div style="text-align: right;">
KATHLEEN M. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE
</div>

cc:  Steven M. Davis, Esq.(Two Certified Copies)
     Miguel A. Fanego, Pro Se