UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21961-CIV-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MIGUEL A. FANEGO,

    Defendant.
_____/

## ORDER DENYING MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AND CLOSING CASE

This **MATTER** is before the Court on Plaintiff's Third Motion for Entry of Final Default Judgment [D.E. 11]. The Court denied Plaintiff's first two motions for default judgment because Plaintiff failed to submit any evidence that Defendant signed the original promissory notes. Plaintiff subsequently submitted signature pages from two separate promissory notes signed by Defendant in support of its third motion for default judgment. [D.E. 11 at 10-12]. However, Plaintiff failed to explain why other pages of the promissory notes containing key terms—like principal amount and interest rate—were omitted from the record. [*See* D.E. 11]. Thus, although Plaintiff has demonstrated that Defendant signed some promissory note, Plaintiff has failed to establish that Defendant signed the notes in question. *See, e.g., United States v. Carter*, 506 Fed. Appx. 853, 858 (11th Cir. 2013); *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) ("To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner

1

or holder and (3) the note is in default.  For that purpose the government may introduce **evidence of the note** and a sworn transcript of the account or certificate of indebtedness.") (internal citations omitted, emphasis added); United States v. Pelt, No. 11-cv-06156, 2013 WL 1173898, at *6 (E.D.N.Y. Mar. 18, 2013) ("In general, the United States may demonstrate the existence of student loans by providing promissory notes and may demonstrate that the loans remain unpaid by providing certificates of indebtedness."); United States v. Herzberg, No. 11-cv-150, 2012 WL 523651, at *1 (E.D. Tenn. Jan. 25, 2012); United States v. Whitaker, No. 09-CV-2983, 2011 WL 5856482, at *2 (E.D.N.Y. Nov. 21, 2011).

In the hope of receiving some clarification regarding the missing pages of the promissory notes, the Court set a hearing on Plaintiff's third motion for default judgment on August 26, 2013.  [D.E. 12].  However, counsel for Plaintiff did not appear, nor did he file any motion requesting a continuance of the hearing.  Counsel's assistant later contacted the Court's chambers to explain that Counsel had not checked his email and did not realize that a hearing had been set.  In light of this explanation, the Court set a second hearing for January 16, 2014.  Counsel of record again did not appear, but sent a member of his law firm to stand in for him.  At the hearing, the Court requested either (1) the missing pages of the promissory note or (2) any case law suggesting that the Court could enter default judgment without evidence that Defendant had signed the actual notes in question.

Plaintiff subsequently filed an affidavit from a loan officer explaining the web application process for the William D. Ford Federal Direct Consolidation Loan.[1] [D.E. 15]. According to the affidavit, borrowers had the option of electronically signing promissory notes, having the paper copy of the promissory note mailed to them to return for processing, or to print their own copy of the promissory note to return for processing. [*Id.* ¶ 8]. The affidavit further explains that the United States Department of Education's "business records practice has been to retain copies of all pages an applicant returns." [*Id.* ¶ 12]. The affidavit also notes that "many web app borrowers only returned the signature page to [the Department of Education]." [*Id.*] Attached to the affidavit is "an example of the Application and Promissory note with terms as the Defendant saw it during the online application process."[2] [*Id.* ¶ 13, Attachment A].

However, conspicuously absent from the record is the actual application or complete promissory note signed by Defendant. Moreover, the affidavit[3] does not explain whether Department of Education records demonstrate if the Defendant borrower chose to electronically sign or manually sign, and whether the Department retains the electronic application and promissory note associated with a signature page.

---

[1] The Affidavit is not accompanied by any legal citation or explanation of how it relates to the Court's articulated concerns.

[2] While Plaintiff suggests that the sample application provided is similar to what Defendant agreed to, a review of the record shows that the terms are not identical to what the Defendant allegedly agreed.

[3] The Affidavit indicates the original principal amounts and interest rates associated with each promissory note, but this information was apparently obtained from the Department of Education's student loan database—not from the copies of the original documents signed by Defendant. [D.E. 15 ¶¶ 14-15]. The Court does not find it appropriate to enter judgment and permit recovery based solely on hearsay information generated by a database.

3

Thus, it is impossible to determine whether this lack of documentation is unique to this case or is a characteristic of the Department's record-keeping practices.[4] Consequently, Plaintiff has failed to demonstrate that Defendant signed the notes in question and Plaintiff's Motion for Default Judgment [D.E. 11] is again **DENIED**.

Accordingly, the case is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 30‾ day of January, 2014.

```
                              _____
                              KATHLEEN M. WILLIAMS
                              UNITED STATES DISTRICT JUDGE
```

---

[4] Based on the Court's experience in other student loan cases, this deficiency appears to be unique to this case.

4